UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RYAN HAYDE, | No.  2:23-cv-1131 AC P |
| Plaintiff, | |
| v. | ORDER |
| TAMARA TABER, et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      <u>Application to Proceed In Forma Pauperis</u>

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

   III.    Complaint

Plaintiff alleges defendants Taber and Reuter violated his rights under the Eighth Amendment. ECF No. 1. Specifically, he alleges that he suffers from severe hemorrhoidal inflammation, and on May 25, 2021, Taber sexually assaulted him during his appointment for a "visual examination" of his hemorrhoids. Id. at 3-4. During the exam, Taber used "unwanted, unnecessary and invasive anal penetration" by jamming three fingers in and out of his rectum six times and rotating her fingers each time. Id. at 4. This resulted in rectal bleeding for two weeks, months of excruciating pain when having a bowel movement, emotional distress, emotional injury, and humiliation. Id. at 4, 8. Plaintiff further alleges that defendant Reuter, who interviewed him as part of his administrative appeal on August 24, 2021, failed to protect him from the sexual assault and was deliberately indifferent to his "pain, suffering, and trauma." Id. at 4, 7. In denying plaintiff's appeal, Reuter dismissed the report of sexual assault, affirmed that he believed plaintiff was a liar with no credibility because plaintiff was a prisoner, and downplayed and minimized the physical and mental suffering caused. Id. at 5, 7. Reuter has also denied him surgery to remove the hemorrhoids, leaving plaintiff to suffer in pain and discomfort until his release because he is only provided hydrocortisone cream for treatment. Id. at 3.

////

IV. Claims for Which a Response Will Be Required

"When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Whitley v. Albers, 475 U.S. 312, 327 (1986)). Moreover, "sexual assault serves no valid penological purpose" and an inmate need not prove that an injury resulted from sexual assault in order to maintain an excessive force claim under the Eighth Amendment." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citations omitted). To state an Eight Amendment sexual assault claim, a plaintiff must demonstrate "that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Id.

Plaintiff's allegations against Taber are sufficient to state claims for excessive force and sexual assault. Accordingly, defendant Taber will be required to respond to these claims.

V. Failure to State a Claim

A. Failure to Protect

A prison official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Furthermore, while the prison grievance procedure does not confer any substantive constitutional rights upon inmates, and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Accordingly, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation can be subject to liability if the individual knew about an existing or impending violation and failed to prevent it. See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison administrators "are liable for

4

deliberate indifference when they knowingly fail to respond to an inmate's requests for help" (citations omitted)).

While plaintiff alleges that defendant Reuter was dismissive of his complaint of sexual assault and that he believes there have been "multiple complaints" against Taber, he does not allege facts showing that Reuter received those complaints or was aware of the risk to plaintiff prior to the incident. Accordingly, he fails to demonstrate that Reuter had an opportunity to intervene and prevent the assault, and therefore fails to state a claim for failure to protect.

B.   Deliberate Indifference

To state a claim for deliberate indifference to a serious medical need, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett, 439 F.3d at 1096 (citation and internal quotation marks omitted). "[T]he plaintiff must [then] show the defendant's response to the need was deliberately indifferent." Id. (citation omitted). A difference in opinion between the medical provider and the prisoner regarding the proper course of treatment does not by itself amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citation omitted). To establish that a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id. (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

To the extent plaintiff alleges that Reuter was deliberately indifferent to the "pain, suffering, and trauma" that resulted from the sexual assault, he does not allege facts demonstrating that Reuter denied or interfered with medical or mental health treatment necessitated by the assault, and he therefore fails to state a claim against defendant Reuter for deliberate indifference to a serious medical need. Similarly, while plaintiff alleges "pain and discomfort" due to the denial of surgery to treat his severe hemorrhoidal inflammation, he fails to state a claim of deliberate indifference because he has not alleged facts showing that the decision

////

5

to treat plaintiff with hydrocortisone cream was medically unacceptable and more than a difference of opinion as to the proper course of treatment.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendant Reuter.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.  Plaintiff may proceed forthwith to serve defendant Taber on his sexual assault and excessive force claims or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his claims against defendant Taber without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendant Reuter.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.  <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You sufficiently state claims for excessive force and sexual assault against Taber. However, you have not sufficiently alleged any claims against Reuter because the facts do not show that he was aware of the risk of assault prior to the incident occurring. You also do not allege any facts showing that he denied or interfered with your medical or mental health treatment or that the denial of surgery was medically unacceptable.

You have a choice to make. You may either (1) proceed immediately on your claims against Taber and voluntarily dismiss all claims against Reuter or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against Reuter. If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

    3.  Plaintiff's allegations against defendant Reuter do not state claims for which relief can be granted.

    4.  Plaintiff has the option to proceed immediately on his claims against defendant Taber as set forth in Section IV above, or to amend the complaint.

    5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against Reuter.

DATED: June 29, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RYAN HAYDE,<br><br>    Plaintiff,<br><br>    v.<br><br>TAMARA TABER, et al.,<br><br>    Defendants. | No. 2:23-cv-1131 AC P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims against defendant Taber without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all his claims against defendant Reuter pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                          Eric Ryan Hayde
                                          Plaintiff pro se