1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      ERIC RYAN HAYDE,                          No.  2:23-cv-1131 AC P

12                    Plaintiff,

13             v.                                 ORDER

14      TAMARA TABER,

15                    Defendant.

16

17             Plaintiff, a former state prisoner, proceeds pro se with claims under 42 U.S.C. § 1983 for

18      excessive force and sexual assault in violation of his Eighth Amendment rights.  See ECF Nos. 1,

19      7, 10.  Presently before the court is plaintiff's motion to compel discovery under Federal Rule of

20      Civil Procedure 37.  ECF No. 39.  For the reasons set forth below, Plaintiff's motion is granted in

21      part and denied in part.

22         I.   Background

23             A.  Plaintiff's Allegations

24             Plaintiff alleges defendant Taber violated his rights under the Eighth Amendment.  ECF

25      No. 1.  Specifically, he alleges that he suffers from severe hemorrhoidal inflammation, and on

26      May 25, 2021, Taber sexually assaulted him during his appointment for a "visual examination" of

27      his hemorrhoids.  Id. at 3-4.  During the exam, Taber used "unwanted, unnecessary and invasive

28      anal penetration" by jamming three fingers in and out of his rectum six times and rotating her

                                                    1

1    fingers each time.  Id. at 4.  This resulted in rectal bleeding for two weeks, months of excruciating

2    pain when having a bowel movement, emotional distress, emotional injury, and humiliation.  Id.

3    at 4, 8.

4              B.  Discovery Deadlines

5         On December 1, 2023, the court issued a discovery and scheduling order, ECF No. 20,

6    which was subsequently amended multiple times.  ECF No. 24, 27, 31, 34, 38.[1]  Pursuant to the

7    court's order of June 7, 2024, the deadline to file motions to compel was extended to September

8    13, 2024.  ECF No. 34.  In ruling on a subsequent motion, the court inadvertently shortened the

9    deadline to August 12, 2024.  ECF No. 38 at 2.

10             C.  Motion to Compel

11        On January 24, 2024, plaintiff served defendant with Plaintiff's First Set of Request for

12   Production of Documents (RFP Set 1).  ECF No. 40-1 at 9-15.  On April 8, 2024, defendant

13   served plaintiff with Responses to Plaintiff's RFP Set 1.  Id. at 17-26.  On April 21, 2024,

14   plaintiff served defendant with 20 pages worth of responsive discovery.  ECF No. 39-1 at 3.

15   Because plaintiff was displeased that defendant's response did not produce any documents for

16   inspection or copying and instead asserted numerous objections, he wrote defendant's counsel a

17   letter expressing his concerns.  ECF No. 39-1 at 2-3, 55-58.  On April 29, 2024, defendant's

18   attorney informed plaintiff that defendant would be serving further responses to Plaintiff's RFP

19   Set 1 in about two weeks.  ECF No. 40-1 at 28.  Plaintiff subsequently agreed to extend the

20   deadline further, until June 7, 2024.  Id. at 32.  On June 7, 2024,[2] defendant served plaintiff with

21   supplemental responses to Plaintiff's RFP Set 1.  See id. at 35-49; ECF No. 39-1 at 5.  According

22   to plaintiff, the supplemental response was not timely and was not in fact a response because the

23

24   [1]  Plaintiff filed multiple requests for extensions of time to complete discovery, which impacted
     the deadline to file motions to compel.  See ECF Nos. 20, 24, 31, and 35.

25   [2]  Plaintiff provides two different dates for the date of service of defendant's supplemental
     responses. ECF No. 39 at 3 (plaintiff states supplemental responses were served June 13); ECF

26   No. 39-1 at 5 (plaintiff states supplemental responses were served June 7).  Defendants do not
     provide a proof of service with the supplemental responses, but the supplemental responses are

27   dated June 7, 2024.  ECF No. 40-1 at 49.  Because the court does not make any ruling based on

28   the timeliness of the responses, for the sake of clarity, the court will use the June 7 date.

1   documents disclosed were effectively the same documents plaintiff had served on defendant in

2   response to defendant's request for production and again stated numerous objections.  ECF No.

3   39-1 at 5.

4        As a byproduct of the above referenced discovery dispute, plaintiff filed a motion to

5   compel discovery and for sanctions on August 15, 2024.  See generally ECF Nos. 39, 39-1; see

6   also 39-1 at 15.  In opposition to plaintiff's motion to compel, defendant argues that the court

7   should deny the motion because (1) plaintiff's motion is untimely, and (2) defendant adequately

8   responded to Plaintiff's RFP Set 1 in a timely manner.  ECF No. 40 at 6.  Defendant also argues

9   that the court should not grant sanctions against defendant because plaintiff makes meritless

10   allegations against defendant's counsel, and that instead, the court should grant defendant's

11   counsel reasonable attorney's fees for time spent responding to plaintiff's motion to compel.  Id.

12   at 6, 8.  No reply was filed.

13        II.   Legal Standard for Discovery

14        The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

15   Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

16   defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within

17   this scope of discovery need not be admissible in evidence to be discoverable."  Id.  The court,

18   however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

19   from some other source that is more convenient, less burdensome, or less expensive;" or if the

20   party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

21   or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P.

22   26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's buff and

23   more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,"

24   United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to

25   narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501

26   (1947).

27        Where a party fails to produce documents requested under Federal Rule of Civil

28   Procedure 34, the party seeking discovery may move to compel production.  Fed. R. Civ. P. 37(a).

3

1    "The party seeking to compel discovery has the burden of establishing that its request satisfies the

2    relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden

3    of showing that the discovery should be prohibited, and the burden of clarifying, explaining or

4    supporting its objections."  Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1,

5    2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget

6    Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding

7    denial of motion to compel because moving party did not show the request fell within the scope

8    of Rule 26(b)(1)).  The opposing party is "required to carry a heavy burden of showing why

9    discovery was denied."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

10        III.  Discussion

11            A.  Timeliness of Plaintiff's Motion to Compel

12           Defendant argues that the motion to compel should be denied because it was filed three

13    days late.  ECF No. 40 at 8.  Defendant further argues that plaintiff cannot contend that the

14    motion was timely under the prisoner "mailbox rule," because he was paroled and released from

15    prison and therefore the "mailbox rule" does not apply.  Id. at 9 n.4.  Defendant is correct as to

16    the inapplicability of the mailbox rule.  "Plaintiff is not entitled to the benefit of the prison

17    mailbox rule after . . . he was released from prison."  Benyamini v. O'Brian, No. 2:11-cv-2317

18    TLN AC P, 2015 WL 5734551, at *1 n.3, 2015 U.S. Dist. LEXIS 130575, at *1 n.3 (E.D. Cal.

19    Sept. 28, 2015), findings and recommendations adopted sub nom. 2016 WL 11658673, 2016 U.S.

20    Dist. LEXIS 6105 (E.D. Cal. Jan. 19, 2016).  The court nonetheless finds that it would be

21    inappropriate to deny the motion as untimely based on a three-day delay, because (1) plaintiff has

22    not been previously advised that the mailbox rule no longer applies, and (2) the court

23    inadvertently shortened the deadline by approximately one month.

24           Accordingly, in the interests of justice, plaintiff's motion to compel is deemed timely.

25    ////

26    ////

27    ////

28    ////

4

B.  Adequacy of Defendant's Response to Plaintiff's RFP Set 1

Plaintiff seeks to compel further responses to RFP Set 1, Requests Nos. 1-2, 5-9.  ECF

No. 39-1 at 6-9.[3]

    1.  Requests for Production Numbers 1, 2, 5 and 6

The court addresses these requests together.

**Request No. 1:** Any and all grievances, complaints, or other documents, including but not limited to any confidential inquiries that were made to address Plaintiff's allegation of staff misconduct which were received by CDCR prison staff, K. Rueter (M.D.) (Chief Medical Executive); and/or, S. Gates, (Chief), or their agents at High Desert State Prison.

**Request No. 2:** Any and all grievances, complaints, or other documents received by prison staff or his/her agents at High Desert State Prison concerning the mistreatment of inmate patients by by [sic] Defendant Tamara Taber, and any memoranda, investigative files, or other documents which were created in response to such complaints beginning [sic] March 15, 2021 through May 25, 2021 and since May 25, 2021.

**Request No. 5:** Any and all logs, lists, memoranda, investigative inquiries, investigative files, or other documentation involving staff complaints and/or grievances which were filed by High Desert State Prison inmates and/or any other inmate at any other prison against defendant Taber between March 15, 2021 through March 15, 2023.

**Request No. 6:** Any and all documents created by High Desert State Prison staff member or any other department of correction employee or official who conducted any investigation in response to grievance and/or staff complaint which was filed by the plaintiff against defendant Taber in May of 2021, concerning his medical care, and any appeals of that grievance.

Defendant objects to these requests

- as being vague as to the terms and/or phrases: "other documents," "made to address," "address," "confidential inquiries," "plaintiff's allegation of staff misconduct," "staff misconduct," "received," "agents," "prison staff or his/her," "mistreatment," "logs," "lists," "memoranda," "investigative inquiries," investigative files," "other documentation," "created," "official," "conducted," "investigation," "in response to," "grievance and/or staff complaint," "filed," "May of 2021," and "concerning his medical care";
- assuming facts not in evidence/lacking foundation;
- as seeking irrelevant information or documents and/or information and documents that are outside the scope of permissible discovery;
- as being overbroad;
- as violating third-party rights to privacy (as to RFP's 1, 2, and 5 only);

---

[3]  Defendants address all 10 RFPs because they claim it is not entirely clear on which document requests plaintiff is moving to compel.  ECF No. 40 at 11.  However, since plaintiff only explicitly references RFPs 1-2, 5-9 in his motion, and only makes passing references to some of the other RFPs, the court only addresses RFPs 1-2, 5-9.

- to the extent it seeks material or information protected from disclosure by
the official information privilege; and
- being vague as to time (as to RFP 1 only).

Without waiving the above objections, with respect to RFP Nos. 1, 5, and 6, defendant

produced documents Bates Stamped TABER001-12.  Defendant, however, withheld the

following based on objections and privileges asserted in the privilege log:

- Health Care Staff Complaint – Headquarters' Level Review Worksheet,
dated 9/23/21
- Staff Complaint – Confidential Inquiry, dated 8/30/21
- General Chrono (Closure Report), dated 6/16/21[4]
- Unredacted Grievance History
- Redacted Grievance History

See ECF No. 40-1 at 36-39, 41-45 (summarized).  Defendant further stated that "[a]fter diligent

search and reasonable inquiry, Defendant does not *possess* any documents responsive to [RFP

No. 2]." Id. at 39 (emphasis added).  And that "[d]iscovery is continuing.  Defendant reserves the

right [sic] change, amend or supplement this response." Id. at 37-39, 43, 45.[5]

Defendant's objection regarding the overbreadth of RFP Nos. 1, 2, 5, and 6 are well taken,

because: (1) RFP No. 1 is not limited to documents concerning plaintiff's grievances, complaints,

or other documents made to address plaintiff's allegations against *defendant*; (2) RFP Nos. 2 and

5 are not limited to documents concerning grievances and/or complaints *similar* to those

presented to the court in this case; and (3) RFP No. 6 is not limited to documents concerning

plaintiff's complaints and/or grievances against defendant regarding the *specific* conduct at issue

in this case.  However, documents regarding plaintiff's grievances and/or complaints against the

---

[4] Defendant indicates that she subsequently produced a General Chrono (Closure Report), dated
6/16/21.  See ECF No. 40 at 12 n.5.  Because plaintiff did not file a reply, the court will presume
this document was provided and the dispute with respect to this document has been resolved.
[5] While an advisement that responses will be amended or supplemented should additional
responsive documents be discovered is appropriate, defendant's repeated assertions in the initial
responses that she was continuing to search for responsive documents and would produce them as
they were discovered is inappropriate, particularly since she initially failed to produce any
documents.  As previously ordered, "[r]esponses to written discovery requests shall be due forty-
five days after the request is served."  ECF No. 20 at 5; see also Fed. R. Civ. P. 34(b)(2)(A)
(allowing for more or less than 30 days to respond by stipulation or court order).  If defendant
needed more time to complete her search for responsive documents or was waiting to receive
documents, she should have asked plaintiff or the court for more time and not merely stated
something to the effect of "I will produce them if or when I happen to find them."

6

1   defendant related to the claims in this action, including any investigative documents regarding

2   such conduct, and documents regarding allegations of the same type of conduct at issue in this

3   action by defendant towards other inmates, are relevant and discoverable.  The scope of the

4   request will be narrowed accordingly.  See Houston v. Eldridge, 2018 WL 1014459, at *5, 2018

5   U.S. Dist. LEXIS 28865, at *13 (E.D. Cal. Feb. 22, 2018) (finding pro se prisoner entitled to

6   discovery of grievances filed by other inmates against defendants for similar claims, despite

7   relevancy objection).

8         With respect to RFP Nos. 2 and 5, plaintiff states that he is seeking "relevant disclosure

9   pertaining to other inmate/patient prisoners who have made allegations or filed complaints of

10   misconduct against the defendant."  ECF No. 39-1 at 15. Defendant argues that plaintiff is

11   misleading the court by saying that his requests "seek prisoner complaints alleging misconduct"

12   when the request did not in fact use the word "alleging."  ECF No. 40 at 13.  There is no merit to

13   this argument.  Although plaintiff's requests for grievances and complaints by other

14   inmate/patient prisoners does not contain the term "allegations," it is well understood that

15   grievances and complaints contain allegations.  As such, the court construes RFP Nos. 2 and 5 to

16   seek documentation related to alleged and confirmed mistreatment by defendant against other

17   inmate/patient prisoners.

18         The court rejects defendant's argument that RFP Nos. 2 and 5 seek inadmissible character

19   evidence.  "[W]hile character evidence may not be admissible at trial, admissibility is not the test

20   for discovery because that evidence may be admissible for other purposes. . . . Inmate complaints

21   could also be relevant to show Defendant's state of mind and motive."  Stone v. Pfeiffer, 2024

22   WL 325370, at *7 (E.D. Cal. Jan. 29, 2024); see also Fed. R. Civ. P. 26(b)(1) ("Information

23   within [the] scope of discovery need not be admissible in evidence to be discoverable.").  Thus,

24   although instances of misconduct related to other inmates would not directly prove the defendant

25   used excessive force or sexually assaulted plaintiff, sufficient similarities in complaints could

26   potentially demonstrate a pattern of conduct by defendant that would speak toward her intent,

27   which is a necessary component to each of the claims against her.

28   ////

1    With respect to defendant's objection to RFP No. 1 concerning vagueness in time, the

2   period for the responsive documentation can be reasonably limited to the dates identified by

3   plaintiff in other requests, like RFP No. 5—between March 15, 2021, through March 15, 2023.

4    With respect to the claims of privilege, defendant's privilege log identifies the ground for

5   withholding the documents under "Official information privilege and confidentiality of

6   investigative material.  See Cal. Code Regs. tit. 15, §§ 3321, 3450(d); 3999,231(f)(4); Cal. Civ.

7   Code § 1798.24."  ECF No. 40-1 at 51-52.  Plaintiff argues that the production request is relevant

8   to his case, he has a right to these documents, no privacy rights are affected with respect to

9   requests only involving him, and the release of the requested documents would not endanger

10  anyone's safety or institutional safety.  ECF No. 39-1 at 6, 14.

11    "Federal common law recognizes a qualified privilege for official information.

12  Government personnel files are considered official information.  To determine whether the

13  information sought is privileged, courts must weigh the potential benefits of disclosure against the

14  potential disadvantages.  If the latter is greater, the privilege bars discovery."  Sanchez v. City of

15  Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (internal citations omitted).  "The balancing

16  approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a

17  balancing test is appropriate when the disclosure of law enforcement files in a civil action is at

18  issue."  Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993) (citations omitted).  Documents

19  that are a part of the personnel records of state officials defending civil rights actions, while

20  containing sensitive information, are within the scope of discovery.  Soto v. City of Concord, 162

21  F.R.D. 603, 614-15 (N.D. Cal. 1995) (citing Hampton v. City of San Diego, 147 F.R.D. 227, 229

22  (S.D. Cal. 1993)); Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

23    A party claiming that information is privileged must "describe the nature of the

24  documents, communications, or tangible things not produced or disclosed—and do so in a manner

25  that, without revealing information itself privileged or protected, will enable other parties to

26  assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  In addition to a privilege log, a party seeking

27  to invoke the official information privilege and prevent disclosure must submit an affidavit from

28  an official of the agency in control of the materials sought that includes the following:

8

1

2

3

4

5

6

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

7    Soto, 162 F.R.D. at 613 (citations omitted).

8         In this case, the defendant's privilege log fails to sufficiently identify the subject matter of

9    the documents being withheld.  As a result, the court is unable to discern whether the records fall

10   within the appropriate scope of plaintiff's claims against defendant.

11        Furthermore, the declaration proffered by defendant is insufficient to support claims of

12   official information privilege.  The declaration from S. Gates, Chief of Health Care

13   Correspondence and Appeals Branch for California Correctional Health Care Services, which

14   provides oversight of medical appeals and grievances for adult inmates in CDCR, addresses

15   factors three through five in only a general and conclusory fashion.  ECF No. 40-2 at ¶¶ 8-18.

16   Additionally, S. Gates's declaration does not address why redaction would not be a sufficient

17   safeguard.  And surprisingly, the opposition cites to a case where the court deemed redaction

18   rather than withholding disclosure appropriate.  See ECF No. 40 at 12.  Accordingly, there is

19   insufficient evidence to convince the court that redaction would not sufficiently address privacy

20   and security concerns in this instance.

21        Defendant's arguments regarding potential recidivism are similarly general and

22   conclusory, and therefore rejected.

23        Lastly, with respect to RFP No. 2, although defendant responded that she does not have

24   any documents in her possession, it is unclear from her response whether that is because such

25   documents do not exist or because the documents exist but are outside her possession.  Defendant

26   will be required to clarify her response.

27        Defendant will therefore be required to produce: (1) the documents identified but

28   withheld; (2) copies of any documents, including investigative documents, concerning plaintiff's

grievances and/or complaints against defendant regarding defendant's physical examination of

plaintiff's rectum on May 25, 2021; and (3) any documents involving staff complaints and/or

grievances of which she is aware,[6] that deal with allegations against defendant for excessive force

or inappropriate touching when conducting physical medical exams of inmates' private parts,

including their rectum, from March 15, 2021, to March 15, 2023.  The documents may be

redacted as necessary for security purposes and to exclude any sensitive information not related to

defendant's use of excessive force or inappropriate touching when conducting physical medical

exams of inmates' private parts, or sexual assault during physical medical exams.  This includes

the redaction of other inmates' identifying information, which the court recognizes may go

beyond inmate name and number.  If safety, security, or privacy concerns remain even after

redaction, defendant may move for a protective order that explicitly addresses why redaction is

insufficient.  To the extent defendant is aware that these documents exist but are not in her

possession, defendant shall explain why the documents are not accessible to her and identify the

appropriate custodian of records so that plaintiff may subpoena the records if he wishes.

### 2.   Requests for Production Number 7

**Request No. 7:** Any and all notes, memorandum, recordings; electronic, digital or otherwise obtained as a result of an investigation of plaintiff's allegations of sexual assault, deliberate indifference, or excessive force involving defendant Taber.

**Defendant Objections to RFP No. 7:**
Defendant objects to these requests
- as being vague as to the terms and/or phrases: "obtained," "obtained as a result of," "as a result of," "investigation," "investigation of plaintiff's allegations," "sexual assault," "deliberate indifference," "excessive force," and "involving";
- assuming facts not in evidence/lacking foundation;
- as seeking irrelevant information or documents and/or information and documents that are outside the scope of permissible discovery;
- as being overbroad;
- to the extent it seeks material or information protected from disclosure by the official information privilege; and
- calling for a legal conclusion.

Without waiving the above objections Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant does not possess any documents responsive to this request.

---

[6] Defendant is considered to be aware of any such documentation contained within his personnel file.

1   ECF No. 40-1 at 45-46 (objections summarized).

2          Defendant's objection regarding the overbreadth of RFP No. 7 is well taken, as plaintiff

3   does not limit his request to documents or files obtained as a result of plaintiff's allegations

4   against defendant related to defendant's physical examination of plaintiff on May 25, 2021.

5   However, documents and files obtained as a result of plaintiff's allegations against defendant as

6   stated in this action, regardless of the form in which they exist (e.g. digital, electronic or paper

7   format), are relevant, and the scope of the request will be narrowed accordingly.

8          For the same reasons stated above, defendant's assertion of the official information

9   privilege is rejected as insufficient.

10         Although defendant responded that she does not have any documents in her possession, it

11  is unclear from the response whether that is because such documents do not exist or because the

12  documents exist but are outside her possession.  This response is particularly questionable given

13  that defendant has identified documents for other requests that appear to overlap with this request

14  and would therefore similarly be identified as responsive.  See ECF No. 40-1 at 44 (identifying

15  several withheld documents regarding the investigation into plaintiff's allegations against

16  defendant, which would likely contain notes responsive to this request).  Defendant will therefore

17  be required to produce all notes, memoranda, recordings obtained from investigation of plaintiff's

18  allegations related to defendant's physical examination of plaintiff on May 25, 2021, regardless of

19  the method in which they were produced and/or stored.  The documents may be redacted as

20  necessary for security purposes and to exclude any sensitive information not related to

21  defendant's use of excessive force in conducting physical medical exams of inmates' private

22  parts.  This includes the redaction of other inmates' identifying information, which the court

23  recognizes may go beyond inmate name and number.  If safety, security, or privacy concerns

24  remain even after redaction, defendant may move for a protective order.  To the extent defendant

25  is aware that these documents and/or files exist but they are not in her possession, defendant shall

26  explain why the documents and/or files are not accessible to her and identify the appropriate

27  custodian of records so that plaintiff may subpoena the records if he wishes.

28

3.  Requests for Production No. 8

**RFP No. 8:** Any and all notes, memoranda, recordings; electronic (digital, analog, or otherwise), obtained as a result of any witness interview of correction's officer Stone concerning the complaint allegations against Tamara Taber, and any findings of said interview.

**Defendant Objections to RFP No. 8:**
Defendant objects to these requests
- as being vague as to the terms and/or phrases: "obtained," "obtained as a result of," "as a result of," "witness," "interview," "witness interview," "correction's," "correction's officer," "complaint," "complaint allegations," "findings," and "findings of said interview";
- assuming facts not in evidence/lacking foundation;
- as seeking irrelevant information or documents and/or information and documents that are outside the scope of permissible discovery;
- as being overbroad; and
- to the extent it seeks material or information protected from disclosure by the official information privilege.

Without waiving the above objections Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant does not possess any documents responsive to this request.

ECF No. 40-1 at 46-47 (objections summarized).

Defendant's objections regarding vagueness, overbreadth, and relevance are overruled. The request is reasonably understood to encompass all notes, memoranda, and recordings, regardless of the format in which they were produced and/or stored, relating to any witness interviews of correctional officer Stone regarding plaintiff's allegations related to defendant's examination of plaintiff on May 25, 2021.  Documents and/or files concerning interviews of potential witnesses to the alleged misconduct by defendant are relevant.  Additionally, for the same reasons stated above, defendant's assertion of the official information privilege is rejected as insufficient.

Although defendant responded that she does not have any documents in her possession, it is unclear from the response whether that is because such documents do not exist or because the documents exist but are outside her possession.  Defendant will therefore be required to produce all notes, memoranda, and recordings relating to correction officer Stone's interviews regarding plaintiff's allegations concerning defendant's physical examination of plaintiff on May 25, 2021, regardless of the method in which they were produced and/or stored.  To the extent defendant is

////

12

1   aware[7] that these documents and/or files exist but they are not in her possession, defendant shall

2   explain why the documents and/or files are not accessible to her and identify the appropriate

3   custodian of records so that plaintiff may subpoena the records if he wishes.

4           4.   Request for Production No. 9

5       **RFP No. 9:** Any and all documents created by any High Desert State Prison staff member
        from March 15, 2021 to the present concerning the plaintiff's medical care and/or any
6       other prisoner which tends to support deliberate indifference, callous indifference, or any
        similar misconduct related to the above mentioned allegations, or other forms of staff
7       doctor misconduct which is not included in items 1, 2, 3, 4, 5, 6, 7, or 8 of this request.

8       **Defendant's Objections to RFP No.** 9:
        Defendant objects to these requests
9           • as being vague as to the terms and/or phrases: "concerning plaintiff's
              medical care and/or any other prisoner," "plaintiff's medical care and/or any
10            other prisoner," "tends to support," "deliberate indifference," "callous
              indifference," "similar misconduct," "similar," "misconduct," "related to the
11            above mentioned allegations," "other forms of staff doctor misconduct,"
              "forms," "staff doctor misconduct," and "not included in items 1, 2, 3, 4, 5,
12            6, 7, or 8 of this request";
            • assuming facts not in evidence/lacking foundation;
13          • as seeking irrelevant information or documents and/or information and
              documents that are outside the scope of permissible discovery;
14          • as being overbroad;
            • calls for a legal conclusion;
15          • to the extent it seeks material or information protected from disclosure by
              the official information privilege;
16          • violates third-party rights to privacy;
            • vague as to time; and
17          • unintelligible as drafted.

18      Based on the foregoing objections, no materials will be produced in response to this
        request.
19

20  ECF No. 40-1 at 47-48 (objections summarized).

21          The court does not find RFP No. 9 unintelligible.  However, defendant's objections to

22  overbreadth and relevance are well taken, as this request is not limited to documents concerning

23  defendant Taber's medical care of plaintiff, much less defendant's physical examination of

24  plaintiff on May 25, 2021, and *similar* misconduct by defendant Taber towards other prisoners

25  during a physical medical exam; and seeks documents that tend to support medical deliberate

26  indifference or callous indifference claims, which takes the scope of the request well beyond the

27

28  ⁷ See note 5.

                                    13

1    issues in this case.  In narrowing the request with these limitations in mind, the court has

2    determined that any such narrowing would render the request duplicative of the discovery sought

3    under RFP Nos. 2 and 5.  As a result, the court will not require further responses to RFP No. 9.

4                              **C.  Motion for Sanctions**

5            Within the motion to compel, plaintiff asserts that sanctions should be awarded based on

6    defendant's counsel's pattern of conduct manifesting improper purpose that consisted of meritless

7    objections to plaintiff's requests for production.  ECF No. 39-1 at 15.  Defendant responds that

8    the court should not grant sanctions because plaintiff's allegations against defendant's counsel are

9    meritless, and as a pro se litigant plaintiff has not established he incurred any costs or attorney's

10   fees in bringing the action.  ECF No. 40 at 6, 23.  Defendant then argues plaintiff should be

11   required to pay defendant's counsel reasonable attorney's fees in responding to plaintiff's motion

12   to compel.  Id. at 6, 24.

13   Where as here, the court has decided to grant in part and deny in part plaintiff's motion to

14   compel, "the court may issue a protective order and *may* apportion reasonable expenses for the

15   motion."  Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).  In this case, the court declines to do so.

16   Plaintiff's request for sanctions is denied because (1) defendant was substantially justified in

17   asserting several objections to plaintiff's requests, Fed. R. Civ. P. 37(a)(5)(A)(ii); (2) pro se

18   litigants are not entitled to attorney's fees, Kay v. Ehrler, 499 U.S. 432, 435 (1991); and (3)

19   plaintiff has not demonstrated he incurred cost in bringing his motion to compel, Bird v. Mayhew,

20   No. 1:15-cv-0298-LJO (SAB), 2016 WL 374555, at *7 (E.D. Cal. Feb. 1, 2016).  See e.g.,

21   Decristoforo v. Rexon Indus. Corp., 2009 WL 2905804, at *1 (E.D. Cal. Sept. 3, 2009)

22   ("Although [defendant] was often dilatory and less than forthcoming in its responses to plaintiff's

23   discovery requests, the court declines to award expenses in this matter because plaintiff's motion

24   to compel was granted only in part (as noted on the record, several limitations were imposed on

25   the scope of plaintiff's discovery requests), and because [defendant's] objections to many of the

26   discovery requests . . . raised reasonable questions that justified obtaining the court's ruling.").

27   ////

28

Because plaintiff's motion to compel was justified, the court also denies defendant's request for reasonable expenses.

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to compel (ECF No. 39) is GRANTED in part and DENIED as follows:

    a.  GRANTED to the extent that defendant must provide supplemental responses to Requests for Production, Set 1, Nos. 1, 2, and 5-8;

    b.  DENIED as to Request for Production, Set 1, No. 9.

2.  Supplemental responses shall be provided within thirty days of the service of this order;

3.  Within thirty days of the service of this order, defendant may move for a protective order with respect to any sensitive documents, as provided above; and

4.  Within forty-five days of the service of this order, plaintiff may file any necessary motion for sanctions if defendants fail to comply with this order.

DATED: October 30, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE