UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RYAN HAYDE,<br>Plaintiff,<br>v.<br>TAMARA TABER,<br>Defendant. | No. 2:23-cv-1131 AC<br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se in this action under 42 U.S.C. § 1983. Before the court are plaintiff's motions for appointment of a medical expert (ECF No. 54) and motion for sanctions (ECF No. 55). For the reasons set forth below, both motions are denied.

I. Motion for Appointment of Medical Expert

Plaintiff seeks appointment of a medical expert consultant to review defendant's performance of a sensitive medical examination and to provide an expert opinion in support of plaintiff's claims. ECF No. 54. Discovery in this case is closed, and the defense has retained an expert in anticipation of bringing a motion for summary judgment. ECF No. 56 at 2.[1] Plaintiff represents that he cannot afford the services of an expert. ECF No. 54 at 4.

Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with

[1] No motion for summary judgment has been filed, and the dispositive motions deadline has been vacated pending resolution of the motions addressed here. ECF No. 67.

expenses shared by the parties. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997). Plaintiff seeks appointment of an expert to support his position, rather than a neutral expert. Accordingly, Rule 706 provides no basis for appointment. The court has identified no need for a Rule 706 witness.

Petitioner seeks appointment of an expert at public expense. However, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). The federal courts have uniformly held that an indigent litigant must bear his own costs of litigation, including witnesses. Tedder, 890 F.2d at 211 (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

For these reasons, the motion is denied.

II. Motion for Discovery Sanctions

The undersigned previously granted in part plaintiff's motion to compel discovery, and ordered supplemental responses to certain requests for production that had been propounded by plaintiff. ECF No. 44. Plaintiff alleges that defendant has failed to comply with this order, and he seeks sanctions. ECF No. 55. Defendant has opposed the motion, ECF No. 63, and plaintiff has replied, ECF No. 68.

Having reviewed defendant's opposition and its supporting declarations, the court finds that defendant has complied with her discovery obligations and the order of this court. Plaintiff objects to redactions which were specifically authorized, and any suggestion that redaction has been utilized improperly to hide discoverable information is unsupported. Plaintiff's objections to the terms of the stipulated protective order are unavailing. His complaints about the conduct of

defense counsel identify no improper behavior and/or have been adequately rebutted. To the extent that plaintiff believes information favorable to him has been deliberately withheld, this is nothing more than speculation. Accordingly, the motion for sanctions is denied.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for appointment of an expert (ECF No. 54) is DENIED;
2. Plaintiff's motion for sanctions (ECF No. 55) is DENIED; and
3. The dispositive motion filing deadline is RESET to February 5, 2027.

DATED: August 5, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE